**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By: Michael R. Pruitt, No. 011792
mpruitt@jacksonwhitelaw.com
Nathaniel Hill, No. 028151
nhill@jacksonwhitelaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew Gaither, filing individually and on behalf of all others similarly situated;<br><br>  Plaintiff,<br><br>v.<br><br>Camelback Recovery, L.L.C., an Arizona Limited Liability Company, Timothy Westbrook, an unmarried individual, and Lynda Davis, an unmarried individual;<br><br>  Defendants. | Case No.: _____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Matthew Gaither, filing as an individual and on behalf of all others similarly situated, by and through his counsel undersigned, and for his Complaint alleges as follows:

1. This action arises from the illegal employment actions of Camelback Recover, L.L.C (Camelback Recovery) and Defendants Westbrook and Davis involving violations of the overtime wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2. As provided for under the FLSA, Plaintiff brings this action on behalf of himself and as a collective action on behalf of all other similarly situated current and former House Managers (the Collective Action Members) working at any time during the last three years at sober living facilities owned or operated by Defendants.

3. The FLSA requires employers pay all non-exempt employees an overtime rate of 1 ½ times their normal hourly compensation rate for all hours worked in excess of 40 hours in any workweek.

4. Plaintiff and the Collective Action Members are non-exempt employees and do not rightly qualify for any of the exemptions to the payment of overtime wages contained in the FLSA. As such, Plaintiff and the Collective Action Members should have been paid overtime wages for all hours worked over 40 in any workweek while employed by Defendants.

5. Defendants misclassified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA and failed to pay them overtime wages when they worked over 40 hours in any workweek in violation of the FLSA

6. Plaintiff and the Collective Action Members routinely worked well over 40 hours in a typical workweek without being paid overtime wages in violation of the FLSA.

7. This action is brought to recover all damages available to the Plaintiff and the Collective Action Members under the FLSA including such things as unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## JURISDICTIONAL ALLEGATIONS

8. As this matter arises under the FLSA, a federal statute, this Court has original and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 as the acts and omissions alleged herein occurred within the geographic region covered by the United States District Court for the District of Arizona.

# THE PARTIES

10. Camelback Recovery is an Arizona limited liability company that operates multiple sober living residential facilities for recovering addicts in the Phoenix, Arizona metropolitan area.

11. Camelback Recovery has annual revenue in excess of $500,000 and engages in interstate commerce as that term is defined under the FLSA. As such, Camelback Recovery is a covered employer subject to the provisions of the FLSA.

12. Defendant Westbrook is the founder and CEO of Camelback Recovery.

13. Defendant Westbrook is the owner and sole member of Camelback Recovery, L.L.C.

14. During the relevant time period, Defendant Westbrook, among other things, had the authority to hire and fire employees of Camelback Recovery, determine compensation including the payment or non-payment of overtime wages, control working conditions and schedules, set the terms and conditions of employment, frequently interacted with Plaintiff and the Collective Action Members, and met the definition of employer as that term is defined in the FLSA.

15. On information and belief, during the relevant time period, Defendant Westbrook was an unmarried individual.

16. On information and belief, Defendant Lynda Davis, a/k/a Nina Davis, is the Program Director of Camelback Recovery.

17. In her capacity as Program Director, Defendant Davis directly supervised Plaintiff and the other Collective Action Members.

18. In her capacity as Program Director, Defendant Davis reported directly to Defendant Westbrook.

19. During the relevant time period, Defendant Davis, among other things, had the authority to hire and fire employees of Camelback Recovery, determine compensation including the payment or non-payment of overtime wages, control working conditions and schedules, set the terms and conditions of employment, frequently interacted with Plaintiff

and the Collective Action Members, and met the definition of employer as that term is defined in the FLSA.

20. On information and belief, during the relevant time period, Defendant Davis was an unmarried individual.

21. Matthew Gaither was employed by Defendants as a live-in House Manager at a sober living residential facility from February 2020 through December 4, 2020.

22. During the relevant time period, Plaintiff Gaither was a resident of Maricopa County in the State of Arizona.

23. During the relevant time period, Plaintiff and the group of Collective Action Members were covered employees subject to the provisions and protections contained in the FLSA such as receiving overtime wages.

24. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiff Gaither has filed his written consent form with the Court as an attached exhibit to this Complaint allowing him to proceed as a party in this action.

## BACKGROUND FACTS

25. Camelback Recovery and Defendants Westbrook and Davis operate multiple sober living residential facilities in the Phoenix, Arizona metropolitan. Some of these facilities are for men and others are for women.

26. Each Camelback Recovery sober living facility, whether for men or for women, operates under one common set of company policies and procedures.

27. Defendants generally describe these sober living facilities as structured, drug free residential environments for recovering addicts who have completed an addiction treatment program involving drugs and alcohol.

28. The sober living residents pay to live at the facility and must comply with strict policies and requirements that include, among other things, drug testing, mandatory curfews, work assignments, and attending group meetings.

29. Each sober living facility has a live-in "House Manager" who is responsible for closely supervising the recovering addicts and enforcing the strict policies and requirements imposed on the sober living residents.

30. The business and marketplace offering of Camelback Recovery is to provide sober living residential facilities to recovering addicts. The live-in House Manager enforcing strict compliance with all house policies and rules 24 hours per day, seven days per week, is an indispensable part of that marketplace offering.

31. The duties of live-in House Managers include such things as conducting periodic drug and alcohol screening, holding group meetings, verifying all residents have returned prior to nightly curfew, attending periodic company staff meetings, completing intake of new residents, providing transportation, assigning and inspecting weekly chores, preparing client meals, overseeing grocery shopping, handling problems or issues that arise at any time during the day or night, maintaining an environment of accountability and support, filling in for other House Managers at other sober living facilities as needed, monitoring the recovering addicts for any sign of relapse, and enforcing strict compliance at all times with facility policies.

32. Camelback Recovery provided Plaintiff with an Employee Handbook. The Employee Handbook included language and specific statements that made it clear that all House Managers shared one common set of duties and responsibilities.

33. The Acknowledgement of Receipt of Camelback Recovery, LLC Employee Handbook form signed by the Plaintiff and other House Managers also included the signature of Defendant Westbrook labeled as "Camelback Recovery Signature."

34. The Non-Disclosure Agreement signed by the Plaintiff and other House Managers also included the signature of Defendant Westbrook labeled as Camelback Recovery, LLC.

35. The Welcome section of the Employee Handbook stated this "Handbook was developed to describe some of the expectations we have for all employees and what you

can expect from us." The Welcome section ended with the notation: "Sincerely, Timothy Westbrook, CEO."

36. The Employee Handbook states House Managers "work 7 days per week, as the sober living homes operate 24/7 and work according to their scheduled days of work."

37. A House Manager at one facility could fill in for another House Manager working at a different sober living facility if needed.

38. The Employee Handbook states: House Managers are responsible for maintaining their living quarters and should be clean, organized, and set a good example for clients who are staying in sober living homes.

39. The Employee Handbook also states: "Exempt employees are not subject to the overtime pay provisions of the Federal Fair Labor Standards Act (FSLA) [sic.]. An exempt employee is one of whose specific job duties and salary meet all requirements if the U.S Department of Labor's regulations. In general, an exempt employee is one who is paid on a salary basis at not less than $455 per week who holds an administrative, professional or management position."

40. The FLSA includes several exemptions to the payment of overtime wages. These exemptions include the administrative and executive exemptions.

41. The administrative exemption of the FLSA requires that an employee **must** be compensated on a salary or fee basis at a rate not less than $684 per week.[1] In addition, the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

42. The duties performed by the Plaintiff and other House Managers was an indispensable part of the business and marketplace offering of Camelback Recovery

---

[1] Prior to January 1, 2020, the salary requirement for the administrative exemption was $455 per week.

-6-

providing sober living facilities and therefore was not related to the management or general business operations of Camelback Recover.

43. The duties performed by Plaintiff and other House Managers were governed and controlled by a common set of strict company policies and procedures and did not involve the exercise of discretion and independent judgment with respect to matters of significance.

44. The executive exemption of the FLSA requires that the employee **must** be compensated on a salary basis at a rate not less than $684.[2] In addition, the employee's primary duty must involve managing the enterprise or a subdivison, regularly direct the work of at least two or more full-time employees and have the authority to hire or fire other employees or make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees that are given particular weight.

45. The duties of Plaintiff and the other House Managers did not involve directing the work of two or more fulltime employees. The Plaintiff and the other House Managers did not have the authority to hire or fire and they did not make recommendations as to the hiring, firing, advancement, promotion or other change in status of other employees.

46. The salary basis requirement of the administrative and executive exemptions is exclusive of board, lodging or other facilities.

47. At no point during the relevant time period did Plaintiff or any other House Manager meet the minimum salary requirement of either the administrative or executive exemption.

---

[2] Prior to January 1, 2020, the salary requirement for the executive exemption was $455 per week.

-7-

48. As CEO of Camelback Recovery, Defendant Westbrook was fully aware that the compensation paid to Plaintiff and the other House Managers did not meet the salary basis requirement of the administrative or executive exemptions of the FLSA.

49. As outlined herein, Plaintiff and other House Managers did not qualify for either the administrative or executive exemptions of the FLSA.

50. Plaintiff has firsthand personal knowledge of the hours worked, compensation practices and everyday work habits of his fellow House Managers.

51. This knowledge was obtained through required weekly staff meetings, interactions with Defendant Westbrook on a weekly basis, interactions with Defendant Davis on an almost daily basis, filling in for other House Managers and by frequent interactions with the other House Managers.

52. Plaintiff and the other House Managers routinely worked well in excess of forty hours during most workweeks without receiving overtime wages.

53. This collective action arises from an ongoing illegal and improper scheme by Defendants to systematically and willfully violate the provisions of the FLSA by failing to pay legally mandated overtime wages to Plaintiff and the other House Managers

54. Given the willful violations of the FLSA alleged herein, Plaintiff and other Collective Action Members are entitled to use a three year statute of limitations period for the recovery of overtime wages as provided for by the FLSA, 29 U.S.C. § 255.

55. The actions of Defendants as the employer of Plaintiff and the other House Managers were not taken in good faith and Defendants did not have a reasonable basis for believing that their compensation practices did not violate the overtime provisions of the FLSA entitling Plaintiff and the other Collective Action Members to collect liquidated damages.

56. The bad faith and willful violations of the FLSA taken by Defendants in failing to pay overtime wages resulted in economic damages to Plaintiff and the other House Managers.

57. As a collective action, all other current and former House Managers working at any point during the last three years may join this lawsuit by filing a properly executed consent to join form with the Court.

58. Plaintiff intends to seek an order from the court providing notice to all other similarly situated current and former House Managers of the pendency of this action and their right to join this lawsuit as a Collective Action Member pursuant to the provisions of 29 U.S.C. § 216(b).

59. Given that Plaintiff has alleged a willful violation of the FLSA on the part of Defendants, the relevant time period for House Managers' employment is three years prior to the filing of this Complaint.

**COUNT 1**
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

60. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

61. Plaintiff and the other Collective Action Members are covered employees legally entitled to collect all unpaid overtime wages due them under the FLSA.

62. Camelback Recovery, Defendant Westbrook and Defendant Davis met the requirements and legal definition of employer of Plaintiff and the other Collective Action Members under the FLSA.

63. Camelback Recovery, Defendant Westbrook and Defendant Davis willfully and in bad faith misclassified Plaintiff and the other House Managers as exempt employees.

64. Plaintiff and the other Collective Action Members routinely worked in excess of forty hours during most workweeks without receiving the overtime wages due them under the FLSA.

65. As a result of this illegal policy and practice, Plaintiff Gaither and the other Collective Action Members have suffered economic damages in an amount to be proved at trial.

66. The policy of not paying overtime wages was knowing, willful, and not taken in good faith. This entitles Plaintiff and the other Collective Action Members to extend the recovery period for damages from two years to three years as provided for by the FLSA, 29 U.S.C. § 255(a) and collect liquidated damages in an amount equal to their economic damages.

67. As provided for by the FLSA, Defendants are liable to Plaintiff and the other Collective Action Members for their reasonable attorneys' fees and costs.

68. As a result of the illegal actions described herein, Defendants are liable to Plaintiff and the other Collective Action Members for such other relief and damages as are available to them and as provided for by law.

**WHEREFORE,** Plaintiff individually and on behalf of those similarly situated requests that this Court enter judgment in their favor and against Defendants as follows:

A. Declare and certify that this action can proceed as a collective action by Plaintiff on behalf of all similarly situated current and former House Managers working at any Camelback Recovery sober living at any time during the past three years;

B. Issue an Order that notice of this collective action shall be expeditiously sent to the designated class of Collective Action Members informing them of the opportunity to participate in this collective action through the filing of consent to join forms with the Court;

C. Declare that Plaintiff and all Collective Action Members are legally entitled to collect unpaid overtime wages;

D. Declare that the actions of Defendants in failing to not pay overtime wages was willful and not taken in good faith;

E. Declare that Plaintiff and all Collective Action Members are legally entitled to a three year recovery period for the purpose of collecting unpaid overtime wages;

F. Enter a judgment against Defendants in an amount to be proved at trial as compensation to Plaintiff and all Collective Action Members for their unpaid overtime wages;

G. Declare that Plaintiff and all Collective Action Members are legally entitled to collect liquidated damages;

H. Declare that Plaintiff and all Collective Action Members are legally entitled to collect their reasonable attorneys' fees and costs;

I. Declare that Plaintiff and all Collective Action Members are entitled to all other relief and remedies available to them under law due to the illegal and improper actions described herein;

J. Award Plaintiff and all Collective Action Members interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

K. Award Plaintiff and all Collective Action Members prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

L. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendants file such reports as the Court deems necessary to document compliance; and

M. For all other further relief as this Court deems just and proper.

**DATED** this 18th day of April, 2022.

**JACKSON WHITE**
s/ Michael R. Pruitt
By: Michael R. Pruitt, No. 011792
Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

F:\GHI\Gaither, Matthew\Pleadings\Complaint.OT.Gaither.docx